UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x
ANNISSIA HOLLAND,

                          Plaintiff,                    COMPLAINT AND
                                                             JURY DEMAND

       -against-

THE CITY OF NEW YORK; POLICE OFFICER          ECF CASE
GOLDBERG SHIELD NO. 9129; POLICE OFFICER
PANIA SHIELD NO. 6204,

                          Defendants.
-------------------------------------------------------------------------- x

Plaintiff ANNISSIA HOLLAND, by her attorneys, Stoll, Glickman & Bellina, LLP, for her complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of her Fourth and Fourteenth Amendment rights.

2. The claim arises from a March 19, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, false imprisonment and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. Police Officer Goldberg Shield #9129 and Police Officer Pania Shield #6204 were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendants Goldberg and Pania were involved in the illegal arrest of plaintiff and/or failed to intervene in the actions of his fellow officers when they observed them violating

plaintiff's Fourth and Fourteenth Amendment rights without provocation.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On March 19, 2012 at approximately 2:00 PM plaintiff was in the New Lots Avenue subway station in Brooklyn, NY, with her cousin.

13. They were approached by the defendant police officers. The officers appeared to believe that plaintiff's cousin, Dejah Sandiford, had entered the subway without paying the fare.

14. The defendant officers were aggressive with Ms. Sandiford. When plaintiff objected to her treatment, plaintiff was assaulted by defendant Officer Goldberg, causing her to suffer pain and injury.

15. The defendant officers then falsely arrested plaintiff, and held her against her will in the precinct for three to four hours. She was released without charges from the precinct.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

## DAMAGES

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the

United States Constitution to be free from an unreasonable search and seizure of her person;

b. Violation of her rights to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

d. Physical pain and suffering, and

e. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

18. The above paragraphs are here incorporated by reference.

19. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

20. Defendants' conduct deprived plaintiff of her right to be free of unreasonable searches and seizures, specifically, false arrest and excessive force, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

21. Defendants falsely arrested and maliciously prosecuted plaintiff and failed to intervene in each other's obviously illegal actions.

22. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: December 9, 2014
Brooklyn, New York

Respectfully yours,

By: Leo Glickman
Bar#: LG3644
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue
Brooklyn, NY 11217
P: (718) 852-3710
F: (718) 852-3586
lglickman@stollglickman.com

TO: Police Officer Goldberg
Special Investigations Unit
One Police Plaza, Rm 1100
New York, NY 10007

Police Officer Pania
One Police Plaza, Rm 1100
New York, NY 10007

The City of New York
Office of the Corporation Counsel
100 Church Street, 4th Fl
New York, NY 10038